IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO. 7:20-CR-20-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HOWARD PIERCE | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER** |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, request that this Court deny the defendant's motion for reconsideration of this Court's previously entered detention order.

PROCEDURAL BACKGROUND

On February 12, 2020, a Federal Grand Jury in the Eastern District of North Carolina returned an Indictment charging the defendant with two counts of firearm by felon. (D.E. 1). On March 12, 2020, this Court held a detention hearing to determine whether the defendant should be released pending trial. (D.E. 26). After hearing all the evidence, this Court found that the defendant was a danger to the community and ordered him detained pending trial. (D.E. 27). Specifically, the Court found that there is no condition or combination of conditions that would reasonably assure the defendant's appearance and/or safety of another person or the community, citing, the nature of the charges; the strength of the government's case; the defendant's criminal history; and the fact that the charges arose while on state bond.

1

(D.E. 27). The defendant filed a motion to reconsider this Court's findings and detention order generally citing COVID-19 concerns. (D.E. 57).

## FACTS OF THE CASE

### COUNT ONE

On November 21, 2015, the Robeson County Sheriff's Office (RCSO) responded to shots fired at Kate Denny Road, Red Springs, N.C. 28377. Law Enforcement learned that there was a party at the residence, and an argument broke out at some point during the party. During the argument, one individual was fatally shot. The party and shooting occurred at the defendant's residence. During the investigation, law enforcement learned that there may be firearms in the defendant's residence. At the time, the defendant was a convicted felon and prohibited from possessing firearms. Based on the investigation, officers obtained a search warrant for the defendant's residence and executed it on December 9, 2015. Investigators located a safe that the defendant opened via combination. Inside, officers recovered the defendant's prescription medication, a .270 rifle, assorted ammunition, and his North Carolina license. In a bedroom closet, they recovered a Browning shotgun.

### COUNT TWO

On September 4, 2016, the Robeson County Communications Center received a 911 call from the defendant, advising that a man was on his property located at 251 Kate Denny Rd, Red Spring, N.C. 28377 and that the man threatened him with a firearm. A short time later, the Communications Center received another call in reference to the same address; however, this time, a female caller stated that there

2

were men shooting. A third call in reference to the incident revealed that an individual was shot on the property.

The Robeson County Sheriff's Office (RCSO) responded to the residence. There, officers observed a victim with multiple gunshot wounds. Several individuals provided statements about what occurred during the altercation, and one witness captured the altercation on video using her cell phone. The cell phone video shows the defendant and his codefendant approach the victim with firearms. At one point, the defendant retrieves a shotgun from his codefendant and proceeds to strike him in the face with the barrel of the shotgun. Both defendants are clearly seen possessing firearms. The altercation ends with the victim being shot multiple times.

## LEGAL ANALYSIS

The defendant's detention hearing should not be reopened. He has failed to show there is new information not known at his detention hearing, and general concerns surrounding the worldwide pandemic, COVID 19, do not warrant reconsideration.

18 U.S.C. § 3142(f) provides, a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The reopening of a hearing is limited to circumstances when there is new evidence that is material to the decision

of whether detention is appropriate. United States v. Cannon, 711 F.Supp. 2d 602, 606 (E.D. Va 2010). Thus, a movant is not entitled to the reopening of a detention hearing based on information that was known to the movant at the time of the initial hearing. Id. at 607-8.

General COVID-19 concerns without a specific, special circumstance do not warrant release. The Government recognizes the threat COVID-19 presents to the community at large, not just to those in custody. This is a worldwide pandemic which is affecting communities throughout the District, including the one the defendant seeks to be released into. In the defendant's motion, he states that he is 63 years old and has health conditions that place him at increased risk if he were to contract COVID-19. However, the Court was aware of the defendant's age and health at the time of the hearing. In addition, this Court was also aware of the pandemic associated with COVID-19. There is no new evidence provided by the defendant that warrant reopening the defendant's detention hearing. Further, renewed analysis of the factors specified in 18 U.S.C. 3142(g) clearly show that the defendant continues to present a serious risk of danger.

The nature of the charged offenses are serious. The defendant is charged with two counts of felon in possession of a firearm and is subject to up to 10 years imprisonment or life imprisonment if he is found to be an Armed Career Criminal. Looking at the facts and circumstances of these charges, the defendant, on two separate occasions, finds himself in possession of firearms during murder investigations where individuals were shot and killed on his property. In one of those

cases, the defendant is seen brandishing and striking the victim with the barrel of a shotgun.

The government also has a strong case against the defendant for both counts. In Count One, pursuant to a valid search, law enforcement recovered a firearm in the defendant's safe along with his prescription medication and his driver's license. In Count Two, as stated above, the defendant is clearly seen on video possessing a firearm and using it to strike an individual in the face.

As to the history of the defendant, he has been convicted of multiple crimes of violence including armed robbery and common law robbery. See PTSR 4-6. In addition, he has a litany of arrests related to violent criminal conduct, including assaults on a female and communicating threats. Id. The defendant also has a history of noncompliance with court orders, including failures to appear, and multiple violations of domestic violence protection orders. Id. In addition, he committed Count Two of the Indictment while on bond. Id.

The defendant continues to be a danger to the community. He has a propensity to commit violent criminal conduct, and there are two homicide investigations linked to the defendant's property. The defendant has been prohibited from possessing firearms for many years, and he continues to disrespect and ignore the law by possessing and using firearms.

This court should deny the defendant's motion because he fails to show new information to the court, and general COVID-19 concerns do not warrant reconsideration. There is no reason to believe that there are now conditions that

5

would reasonably assure the safety of any person and the community or assure his appearance as required.

## CONCLUSION

Defendant presents a significant threat to the safety of the community, and general COVID-19 concerns do not warrant reconsideration of his detention. The Defendant's motion should be DENIED.

Respectfully submitted, this 19th day of August 2020.

ROBERT. J. HIGDON
United States Attorney

BY: /s/ *Chad E. Rhoades*
CHAD E. RHOADES
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Chad.Rhoades@usdoj.gov
Telephone: 919-856-4286
NC Bar No. 48041

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this the 19th day of August 2020, served a copy of the foregoing Notice upon the counsel for the Defendant in this action by electronically filing the foregoing with the Clerk of Court, using CM/ECF system which will send notification of such filing to:

Brett Wentz
Email: brett@brettwentzlaw.com
Attorney for the Defendant

                                              ROBERT. J. HIGDON
                                              United States Attorney

                                              <u>*BY: /s/ Chad E. Rhoades*</u>
                                              CHAD E. RHOADES
                                              Assistant United States Attorney
                                              Criminal Division
                                              U.S. Attorney's Office, EDNC
                                              150 Fayetteville Street, Suite 2100
                                              Raleigh, North Carolina 27601
                                              Chad.Rhoades@usdoj.gov
                                              Telephone: 919-856-4286
                                              NC Bar No. 48041