UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7: 20-CR-20-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MOTION TO |
| v. | ) | CONTINUE ARRAIGNMENT |
| | ) | |
| HOWARD PIERCE | ) | |

COMES NOW, the Defendant, Howard Pierce, by and through undersigned counsel and moves this Honorable Court under U.S. Const. amend. IV and XIV for entry of an order suppressing all evidence seized during the search of the defendant's residence, located at 251 Kate Denny Road, Red Springs, North Carolina on December 9, 2015. The basis for defendant's motion is that all evidence seized from 251 Kate Denny Drive was obtained in violation of the Fourth Amendment guarantees that "people be secure in their person, papers and effects against unreasonable searches and seizures."

This search warrant for Mr. Pierce's residence at 251 Kate Denny Road is fatally defective, and the state magistrate did not have a substantial basis to issue it. The law enforcement affiant who sought out the warrant failed to allege enough temporal proximity between the allegations and the search and relied on biased witnesses allegations of criminal behavior. In furtherance of this motion, counsel for defendant shows upon the court the following:

**MEMORANDUM IN SUPPORT**

I. **Statement of the Case**

On or about February 11, 2020, the government caused to be filed a three-count indictment charging Mr. Pierce, and co-defendant Mr. Jonathan Revels. Mr. Pierce is charged in counts 1 and 2 of the indictment with possession of firearm by felon (18 U.S.C. Section 922(g)(1)) and 924).

II. **Facts**

On November 21, 2015, the Robeson County Sheriff's Office responded to shots fired at 201 Kate Denny Road, Red Springs, North Carolina 28377. Law Enforcement learned that there was a party at the residence, and an argument broke out at some point during the party. During the argument, one individual was shot and eventually succumbed to his injuries on November 27, 2015. The party and shooting occurred at 201 Kate Denny Road, which is the residence of the defendant's son. It appears that the shooting occurred sometime after 2 AM on November 21, 2015. During the investigation, law enforcement officers interviewed several witnesses and obtained written statements from those witnesses. Some witnesses informed Law enforcement officers that the defendant had a .22 pistol in a holster on his side on the night of November 21, 2015. The defendant was interviewed on December 3, 2015 and indicated to the officers that he did have a weapon in the holster on November 21, 2015, but that it was a black powder pistol. The defendant turned over a black powder pistol and a leather holster to law enforcement on December 3, 2015. Based on this investigation, officers obtained a search warrant for the defendant's residence at 251 Kate Denny Road and executed it on December 9,

2015. Investigators located a safe inside the residence that the defendant opened via combination. Inside, officers recovered prescription medication, a rifle and assorted ammunition. In a bedroom closet, they recovered a Browning shotgun.

## III. Legal Discussion

The Fourth Amendment proscribes all unreasonable searches and seizures. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408 (1978). Further, when the admissibility of evidence in federal court is at issue, "the validity of a search warrant obtained by state officers is to be tested by the requirements of the Fourth Amendment of the U.S. Constitution. *United States v. Clyburn*, 24 F.3d. 613, 616 (4th Cir. 1994). "It is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. And a principle protection against unnecessary intrusion into private dwellings is the warrant requirement imposed by the Fourth Amendment." *Welsh v. Wisconsin,* 466 U.S. 740, 748 (1984). It is basic that probable cause "must stand on firmer ground than mere suspicion." *Wong Sun v. United States*, 371 U.S. 471, 479 (1963). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant. *United States v. Wilhelm*, 80 F.3d 116, 118-19 (4th Cir. 1996).

### a. The Search Warrant Is Fatally Defective Because It Fails to Establish a Sufficient Temporal Proximity Between the Allegations and the Search

The time frame in which information is developed is a "crucial element" of probable cause. *United States v. McCall*, 740 F.2d 1331, 1335-36 (4th Cir. 1984). A valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. *Id.* Evidence obtained from a warrant supported by "stale" probable cause will not be admissible in court. *Id.* Whether evidence is "stale" must be determined by the circumstances in each individual case. *Id.* Courts must

determine, "did the facts alleged in the warrant furnish probable cause to believe, at the time the search was actually conducted, that evidence of criminal activity was located at the premises searched." *Id*. Put another way, the warrant "may be suspect because the information on which it rested was arguably too old to furnish "present" probable cause. *Id*. (internal quotations and citations omitted). Courts consider "the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized. *Id*. A law enforcement officer cannot reasonably rely on a search warrant unless there is a sufficient temporal proximity between the allegations and when they are seeking to execute the warrant and conduct the search. *United States v. Doyle*, 650 F.3d 460, 745 (4th Cir. 2011).

In *Doyle*, the Fourth Circuit observed that, "[a] reasonable well-trained law enforcement officer should be familiar with the fundamental legal principle that both the 'commission' and 'nexus' elements of 'probable cause' include an essential temporal component." 650 F.3d at 475 (quoting *United States v. Zayaz-Diaz*, 95 F.3d 105, 114-15 (1st Cir. 1996)); *see also United States v. Carroll*, No. 7:12-cr-57-F, 2012 WL 3780449 *4 (E.D.N.C. August 31, 2012) (suppressing evidence obtained from a search based on a warrant that did not provide sufficient temporal nexus between the allegations and the search and declining to apply the good faith exception because a reasonable officer would understand that crucial requirement of a sufficient temporal nexus). Consequently, a search warrant is invalid if the information in the affidavit supporting the probable cause determination is stale. Here, the officer's justification for the warrant as alleged in his affidavit is that witnesses to a shooting at 2 AM saw the defendant with a pistol on November 21, 2015. These allegations are eighteen days before the warrant was sought out, and there is no allegation that the witnesses saw or heard of Mr. Pierce having a firearm after November 21, 2015. Further, there is no allegation in the warrant that any of the

witnesses from November 21, 2015 saw Mr. Pierce with a firearm at 251 Kate Denny Road. The officer's allegation in the affidavit did not provide "fresh" probable cause that the highly portable pistol would be found that day in the home at 251 Kate Denny Road. *See United States v. Button*, 653 F.2d 319, 325 (8 Cir. 1981) (information stale because statement that drug transactions occurred over the previous 6 months failed to establish that PCP, a highly portable substance, would be found in the residence at the time the warrant issued). This deficiency deprived the state magistrate reviewing the officer's warrant of a substantial basis for concluding that probable cause existed. *See United States v. McNeal,* 818 F.3d 141, 150 (4th Cir. 2016) (magistrate had substantial basis because informant's tip was corroborated by surveillance of the defendant); *see also United States v. Hansmeier*, 867 F.3d 807, 811-12 (7th Cir. 2017) (substantial basis for the magistrate exists when the informant provides recent, first-hand observation and police corroborate the informant's story). Here, the last alleged date that Mr. Pierce possessed a firearm in the affidavit was 18 days before the warrant was sought out. *See United States v. Anderson*, 851 F.2d 727, 729-30 (4th Cir. 1988) (explaining that the relevant time for determining probable cause is measured from the date of the underlying criminal activity, not when the information was provided to law enforcement). This affidavit failed to provide the state court magistrate with a "substantial basis for determining the existence of probable cause." *United States v. Montieth*, 662 F.3d 660, 664 (4th Cir. 2011) (quoting *Gates*, 462 U.S. at 239).

    **b.**    **The Search Warrant is Fatally Defective Because It Failed to Sufficiently Corroborate the bias witnesses allegations**

Facts supporting probable cause can come from different sources. One source is information from a reliable, known informant or an independent source supplying detailed facts that can be independently corroborated. *See* Gates, 462 U.S. at 213; *see also United States v.*

*Henry*, 673 F.3d 285, 290 (4th Cir. 2012) (probable cause to search defendant's home even though informants' tips were not based on recent information because officer corroborated many details). Probable cause may be established through information from any reliable source or sources. *Draper v United States*, 358 U.S. 307, 313 (1959).

      Here, the information that the officer supplied to the state magistrate was not alleged to be from reliable, known sources, but rather from sources that witnessed a shooting that occurred from a distance at 2 AM, and the information provided was not detailed in a way that the police could sufficiently corroborate the accusation. The details provided to the magistrate differed depending on which witness was interviewed and were provided only by family and friends of the victim who was later deceased. Those details were: that the Defendant had a .22 revolver or "long gun" in a holster on his hip at the party, that the holster was "brown leather", and that the holster also contained bullets. Further, there is no description of the gun other than it was long and possibly had "white or brown grips." These witnesses also never mentioned seeing the defendant carry the purported firearm to 251 Kate Denny Road. Later, on December 3, 2015, when detectives interviewed Mr. Pierce outside 251 Kate Denny Road he provides them with a brown leather gun holster with bullets in it and a black powder pistol. A warrant may only issue on showing of probable cause that the legitimate object of the search (e.g., a contraband firearm) is in a particular place. *See United States v. McNeal,* 818 F.3d 141,150 (4th Cir. 2016) (warrant to search car via GPS tracker valid because police surveillance corroborated third-party allegation that defendant used car for robberies)*; see also United States v. Wells*, 223 F.3d 835, 840 (8th Cir. 2000) (warrant to search car invalid because witness description of car was too vague).

      The witnesses in this case were biased and unreliable and were unable to provide detailed

information that could be corroborated by the police and provide a substantial basis for the state magistrate to find a fair probability that a firearm would indeed be found at the home the police sought to search at 251 Kate Denny Road. The witnesses referenced in the probable cause affidavit, are the deceased's brother and his friends. These witnesses are clearly biased and the statements they provided to the police were not corroborated by any other source. Given that deficiency in the affidavit in support of probable cause, the evidence from the search of 251 Kate Denny Road should be suppressed.

**IV. Conclusion**

The search warrant, and the affidavit offered in support of it, for the residence at 251 Kate Denny Road does not contain a sufficient showing of probable cause, because the probable cause determination was based on stale information, therefore impairing the probability, based on the information presented to the magistrate that day, that a gun would still likely be found in at the residence. Further, the information obtained from witnesses was biased, uncorroborated and lacking enough detail to be used in the affidavit that was also deficient to justify a search of the residence at 251 Kate Denny Road. The search violated Mr. Pierce's Fourth and Fourteenth Amendment rights, and the fruits of the search must be suppressed. *See Wong Sun*, 371 U.S. at 484; *see also Mapp v. Ohio*, 367 U.S. 643.

WHEREFORE, the Defendant prays that the evidence seized at 251 Kate Denny Road on December 9, 2020 be suppressed and that the Court grant a hearing on this motion to suppress.

Respectfully submitted this 25th day of August 2020.

        WENTZ LAW, PLLC

        /s/ Brett T. Wentz
        Retained Counsel for Defendant
        401 Chestnut Street, Suite C
        Wilmington, NC 28401

Telephone: (910) 256-8044  
Fax: (866) 206-2443  
brett@brettwentzlaw.com  
NC State Bar No. 34282

## CERTIFICATE OF SERVICE

I hereby certify that I this day have served a copy of this pleading upon the parties to this action by United States Mail this the 25th day of August 2020.

          WENTZ LAW, PLLC

          /s/ Brett T. Wentz
          Retained Counsel for Defendant
          401 Chestnut Street, Suite C
          Wilmington, NC 28401
          Telephone: (910) 256-8044
          Fax: (866) 206-2443
          brett@brettwentzlaw.com
          NC State Bar No. 34282

TO:    Chad Rhoades
         Assistant United States Attorney
         150 Fayetteville Street, Suite 2100
         Raleigh, NC 27601