IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CR-20-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HOWARD PIERCE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Howard Pierce's Motion for Reconsideration of Detention Order seeking to reopen the issue of whether he should be detained pending further proceedings in this case and requesting release from custody.[1] [DE-57]. The Government, at the request of the court, filed a response to the motion and opposes release. [DE-58]. The court held a hearing on September 3, 2020. [DE-69]. For the reasons that follow, the motion to reopen the detention hearing is denied.

## I. BACKGROUND

On February 11, 2020, Pierce was charged by the Grand Jury in an indictment with two counts of possession of a firearm by a felon. [DE-1]. At Pierce's initial appearance, the Government moved for detention and a temporary order of detention was entered. [DE-12, -14]. On March 12, 2020, the undersigned held a detention hearing and found that no condition or combination of conditions existed to reasonably assure Pierce's appearance or the safety of the

---

[1] Defendant's motion states that it is made pursuant to 18 U.S.C. § 3145, which provides for review and appeal of a release or detention order. [DE-57] at 1. However, the motion appears to present new information to the court, namely, Defendant's risk of contracting COVID-19 and a new third party custodian. *Id.* at 1–2. Accordingly, the Government responded to the motion as if it were made pursuant to 18 U.S.C. § 3142(f), which provides that a detention hearing may be reopened if there is new, material information not known to the defendant at the time of the first detention hearing. [DE-58]. At the hearing on the instant motion, the court asked defense counsel whether his motion was one for review pursuant to 18 U.S.C. § 3145 or to reopen the hearing pursuant to 18 U.S.C. § 3142(f). Defense counsel clarified that his motion was intended to be one to reopen the hearing under § 3142(f).

community if Pierce was released before trial. [DE-26, -27]. The court indicated that its decision was based upon the nature of the charges, the apparent strength of the Government's case, Pierce's criminal history, and the fact that the charges arose while Pierce was on state bond. [DE-27] at 2. Pierce was ordered detained and remanded to the custody of the U.S. Marshal. *Id.* Pierce filed the instant motion for reconsideration on August 12, 2020 [DE-57], the Government responded in opposition [DE-58], and a hearing was held on September 3, 2020, at which the court heard arguments from both parties and sworn testimony from Pierce's new proposed third-party custodian [DE-69].

## II. DISCUSSION

Pierce argues that the novel coronavirus ("COVID-19") pandemic combined with his age and serious preexisting medical conditions, as well as a new proposed third-party custodian who was not available at the first detention hearing, constitute sufficient reasons for the court to reconsider the issue of detention. [DE-57] at 1–2. The Government opposes release and asserts that COVID-19 is not a sufficient reason to reopen the detention hearing and that there is no condition or combination of conditions that would reasonably assure Pierce's appearance and the safety of the community. [DE-58] at 1–6.

A detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

Pierce first argues that the COVID-19 pandemic and its threat to his health while being held in custody at a regional jail was not known to the court at the time it detained Pierce. [DE-

2

57] at 1. At the hearing on the instant motion, defense counsel argued that on March 12, 2020, the date of the detention hearing, the extent of the nation's response to COVID-19 was still unknown. As to materiality, Pierce contends that given his serious medical conditions, the new information materially alters the analysis of his case under the Bail Reform Act, specifically his "history and characteristics" including his physical condition.

Some courts have declined to consider release due to COVID-19 under § 3142(f)(2), reasoning that a concern for COVID-19 is not material to whether a defendant poses a flight risk or danger to the community, and have found the question more appropriately addressed under § 3142(i)'s "compelling reason" grounds. *See United States v. Hanson*, No. CR 19-132-BLG-SPW-TJC, 2020 WL 1692967, at *2 (D. Mont. Apr. 7, 2020) ("[S]everal courts have recognized that release based on a defendant's concerns of heightened COVID-19 risk if incarcerated is not appropriately addressed under § 3142(f)" and alternatively considered whether there are compelling reasons for temporary release under § 3142(i)) (citing *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)). Other courts "recognize[] the unprecedented magnitude of the COVID-19 pandemic and acknowledge[] that it can constitute new information warranting a reconsideration of a detention order." *United States v. Ali*, No. CR ELH-19-0280, 2020 WL 2306456, at *1 (D. Md. May 8, 2020) (internal quotation marks omitted). Here, the court finds no grounds to reopen the detention hearing.

First, the threat of COVID-19 was not unknown to Pierce at the time of his detention hearing held on March 12, 2020. *See* 18 U.S.C. § 3142(f). North Carolina Governor Roy Cooper issued an executive order on March 10, 2020, declaring a state of emergency and stating, among other things, that "COVID-19 is a respiratory disease that can result in serious illness or death"; "the World Health Organization declared COVID-19 a Public Health Emergency of International

3

Concern on January 30, 2020"; and "on January 31, 2020, the United States Department of Health and Human Services Secretary declared a public health emergency in the United States for COVID-19." Exec. Order 116; *see also Berean Baptist Church v. Cooper*, No. 4:20-CV-81-D, 2020 WL 2514313, at *3 (E.D.N.C. May 16, 2020) (describing North Carolina executive orders issued in response to COVID-19). Additionally, at the hearing on the instant motion, Pierce's wife testified that he suffers from high blood pressure, chronic back pain, an artificial plate in his shoulder, PTSD, anxiety, and depression. She stated that he has been hospitalized several times for fluid on his lungs, and he is sixty-three years old. Accordingly, Pierce is at an increased risk of complications from COVID-19, but his medical conditions were all known to him at the time of his detention hearing. Given the World Health Organization's and the United States DHHS's response to COVID-19 in January 2020 and Governor Cooper's March 10, 2020 executive order, the threat of COVID-19 to Pierce and his increased risk was not unknown on the date of his detention hearing.

Moreover, the threat of COVID-19 does not have a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Pierce] as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f). Presently, Pierce has not contracted COVID-19, and there have been zero cases of it in the jail in which he is housed. Pierce has presented no new information that would have a material bearing on the issue of detention. *See United States v. Williams*, No. 5:19-CR-342-FL-2, 2020 WL 2404680, at *3 (E.D.N.C. May 12, 2020) ("While COVID-19 presents a serious threat to Williams, particularly in light of his medical conditions, it does not lessen Williams's threat to the community."); *United States v. Owens*, No. 5:20-CR-00026-BR, 2020 WL 2527938, at *2 (E.D.N.C. May 18, 2020) (finding that the COVID-19 pandemic was not new information, and although the medical care

4

the defendant received while detained, other conditions of confinement, and his ability to confer with his attorney were all new information not known at the time of the detention hearing, they did not have any bearing on the issue of detention), *aff'd*, 2020 WL 3884428 (E.D.N.C. July 9, 2020); *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) ("while Bothra's age and medical conditions might render him more vulnerable to contracting the virus, without more, a generalized risk of contracting COVID-19 does 'not amount to a material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" (quoting *United States v. Nero*, No. 17-cr-20183-5, 2020 WL 1672656 at *2 (E.D. Mich. Apr. 6, 2020))).

Pierce also contends that reopening the detention hearing is merited because he can offer a new proposed third-party custodian. [DE-57]. Pierce's wife testified at the hearing on the instant motion that she suffered a heart attack in January, and at the time of Pierce's detention hearing in March, she was recovering at home and could not attend the hearing. Pierce's pretrial services report states that Pierce indicated that his wife may be willing to serve as his third-party custodian, but the probation officer was unable to contact her. [DE-24] at 2. At the detention hearing, Pierce's son testified as a proposed third-party custodian. [DE-27].

Even if Pierce's wife's availability was unknown at the time of his detention hearing, her willingness to serve as a third-party custodian is not material to the issue of detention. In Pierce's detention order, the court indicated that its decision was based on the nature of the charges, the apparent strength of the government's case, the defendant's criminal history, and the fact that the charges arose while on state bond. [DE-27] at 2. Pierce's son testified as a proposed third-party custodian, and the court did not cite "the lack of a suitable custodian" as a basis for its decision. *Id.* Accordingly, lack of a suitable custodian was not a reason for Pierce's detention, so a new

5

proposed third-party custodian would not change the analysis and does not have a material bearing on the issue of detention.

Neither the threat of COVID-19 nor the availability of Pierce's wife to serve as a third party custodian is "information [] that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Therefore, reopening the detention hearing is inappropriate at this time.

### III. CONCLUSION

For the foregoing reasons, the motion to reopen the detention hearing [DE-57] is DENIED.

SO ORDERED, this 8th day of September, 2020.

*[signature]*
ROBERT B. JONES, JR.
United States Magistrate Judge